### City of New Orleans v. William H. Garland.

An affidavit alleging that the defendant attempted to depart permanently from the State, that he concealed himself to avoid being cited, and that he is about to remove his property out of the State, is insufficient for an attachment. The allegations refer, indefinitely, to the past—make no allusion to the present, or future, and are too vague to form the legal foundation of an attachment.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Livingston*, City Attorney. *Hunton & Pike*, for defendant and appellee.

VOORHIES, J. This is an appeal taken from a judgment setting aside a writ of attachment.

The petition charges " that William H. Garland attempted to depart from the State permanently, and that he concealed himself so as to avoid being cited to appear and answer the demand of petitioner, and that he is about to remove his property out of the State." Besides the correctness of the allegations of the petition, and the amount of the debt claimed, the affidavit declares that " the said Garland did attempt to depart permanently from the State of Louisiana, and is about to remove his property out of the State."

A creditor may attach the property of his debtor, " when such debtor is about leaving permanently the State, without there being a possibility, in the ordinary course of judicial proceedings, of obtaining or executing judgment against him previous to his departure, or when such debtor has already left the State never again to return; or when such debtor resides out of the State; or when he conceals himself to avoid being cited and forced to answer to the suit intended to be brought against him." C. P., 240. To obtain the attachment, it is essential that the creditor should make " a declaration under oath, at the foot of his petition, stating the amount of the sum due to him, and that his debtor is either on the eve of leaving the State permanently, that he has left it never again to return, that he resides out of the State, or that he conceals himself in order to avoid being cited." C. P., 243.

Under these provisons, we think it is clear that the affidavit must be considered defective. The allegations, both in the petition and affidavit, in regard to the departure and concealment of the defendant, refer indefinitely to the past, making no allusion either to the present or future, too vague indeed to form the legal foundation of an attachment. As the remedy by attachment has always been considered harsh, a party who resorts to it must therefore bring himself strictly within the requirements of the law.

It is therefore ordered and decreed that the judgment of the court below be affirmed with costs.